**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

WISCONSIN MASONS HEALTH CARE FUND, WISCONSIN
MASONS APPRENTICESHIP & TRAINING FUND, and
JAMES VICK (in his capacity as Trustee),

BRICKLAYERS & TROWEL TRADES INTERNATIONAL
PENSION FUND, INTERNATIONAL MASONRY INSTITUTE,

BRICKAYERS DISTRICT COUNCIL OF WISCONSIN,

WISCONSIN LABORERS HEALTH FUND, BUILDING
& PUBLIC WORKS LABORERS VACATION FUND,
WISCONSIN LABORERS APPRENTICESHIP & TRAINING
 FUND, and KENT MILLER (in his capacity as Trustee)

WISCONSIN LABORERS-EMPLOYERS
COOPERATION AND EDUCATION TRUST FUND,

WISCONSIN LABORERS DISTRICT COUNCIL,

BUILDING TRADES UNITED PENSION TRUST FUND
and WILLIAM BONLENDER (in his capacity as Trustee),

INDUSTRY ADVANCEMENT PROGRAM/CONTRACT
ADMINISTRATION FUND,

<div style="margin-left:4em">Plaintiffs,</div>

    v.                                             **Case No.** 26-cv-883

SID'S SEALANTS, LLC and
SIDNEY N. ARTHUR

<div style="margin-left:4em">Defendant.</div>

---

<div style="text-align:center"><strong>COMPLAINT</strong></div>

---

<div style="text-align:center">1</div>

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Christopher J. Ahrens, and Alex J. Sterling as and for a cause of action against the Defendant, allege and show to the Court the following:

### Jurisdiction and Venue

1. Jurisdiction of this Court upon Defendant Sid's Sealants, LLC ("Sid's) is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), in that the Plaintiffs are aggrieved by the Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, and section 301 of the LMRA.

2. Jurisdiction of this Court upon Defendant Sidney N. Arthur ("Mr. Arthur) is founded upon ERISA section 409 (29 U.S.C. § 1109). The Court can also take supplemental jurisdiction over Plaintiffs' state law claims against Mr. Arthur pursuant to 28 U.S.C. section 1367 in that the claims form part of the same controversy as Plaintiffs' federal claims against the defendants.

3. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that Defendants Sid's and Mr. Arthur's principal business office and residence are in Ozaukee, Wisconsin.

## Parties

4.     Plaintiffs Wisconsin Masons Health Care Fund and Wisconsin Masons Apprenticeship and Training Fund are multiemployer employee benefit plans within the meaning of ERISA §§ 3(1), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (3) and (37), 1132 and 1145), and bring this action on behalf of the Trustees, participants and beneficiaries of said Plans. Said Plans maintain offices at 2901 Beltline Highway, Madison, Wisconsin 53713.

5.     Plaintiff James Vick is a trustee and a fiduciary of the Wisconsin Masons Health Care Fund and as such has standing to be a Plaintiff in this action. Mr. Vick maintains an office at 17125 West Cleveland Avenue, New Berlin, Wisconsin 53151.

6.     Plaintiffs Bricklayers & Trowel Trades International Pension Fund ("International Pension Fund") and International Masonry Institute ("IMI") are employee benefit plans within the meaning of ERISA §§ 3(2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(2), (3) and (37), 1132 and 1145), and bring this action on behalf of the Trustees, participants and beneficiaries of said Plans. Said Plans maintain offices at 620 F Street NW, Washington, D.C. 20004.

7.     Plaintiff Bricklayers & Allied Craftworkers District Council of Wisconsin ("Wisconsin Bricklayers Union") is a labor organization within the meaning of 29 U.S.C. § 158, et seq., and brings this action on behalf of the participants and members of the organization for whom it collects working dues. Said labor organization maintains offices at 17125 West Cleveland Avenue, New Berlin, Wisconsin 53151.

8.     Plaintiffs Wisconsin Laborers Health Fund, Building & Public Works

-3-

Laborers Vacation Fund ("Vacation Fund"), and Wisconsin Laborers Apprenticeship & Training Fund are employee benefit plans within the meaning of ERISA §§ 3(1), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (3), and (37), 1132, and 1145), and bring this action on behalf of the Trustees, participants, and beneficiaries of said Plans. Said plans maintain offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

9.     Plaintiff Kent Miller is a trustee and beneficiary of the Wisconsin Laborers Health Fund and as such has standing to be a Plaintiff in this action. Mr. Miller maintains an office at 4633 LIUNA Way, Suite 101, DeForest, WI 53532.

10.     Plaintiff Wisconsin Laborers-Employers Cooperation and Education Trust Fund ("LECET Fund") is an employee benefit plan governed by a board of trustees consisting of union and labor employee appointees as provided by LMRA § 302(c)(5), whose purpose is to address areas of common concern to labor and management in the construction industry, including but not limited to labor standards issues such as OSHA and prevailing wage laws. Said Plan maintains offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532-2514.

11.     Plaintiff Wisconsin Laborers District Council ("Laborers District Council") is a labor organization within the meaning of 29 U.S.C. § 158, et seq., and brings this action on behalf of the participants and members of the organization for whom it collects working dues.  Said labor organization maintains offices at 4633 LIUNA Way, Suite 101, DeForest, Wisconsin 53532-2514.

12.     Plaintiff Building Trades United Pension Trust Fund is an employee pension benefit plan within the meaning of ERISA §§ 3(2), (3) and (37), 502 and 515, as

-4-

amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(2), (3) and (37), 1132 and 1145), and brings this action on behalf of the Trustees, participants and beneficiaries of said plan. Said plan maintains offices at 500 Elm Grove Road, Elm Grove, Wisconsin 53122.

13.     Plaintiff William Bonlender is a Trustee and a fiduciary of the Pension Fund and as such has standing to be a Plaintiff in this action. Mr. Bonlender maintains an office at 17125 West Cleveland Avenue, New Berlin, Wisconsin 53151.

14.     Plaintiff Industry Advancement Program/Contract Administration Fund ("IAP/CA") is an employee benefit plan governed by a board of trustees consisting of union and labor employee appointees as provided by LMRA § 302(c)(5) (29 U.S.C. § 186(c)(5)).  It brings this action on behalf of the trustees, participants, and beneficiaries of said plan and maintains offices at 11001 W Plank Ct, Suite 100, Wauwatosa, WI 53226.

15.     Defendant Sid's is a domestic limited liability company organized under the laws of the State of Wisconsin, engaged in business with principal offices located at 116 West Grand Avenue, Suite 205, Port Washington, WI. 53074. The registered agent for service of process is Sidney N. Arthur at the same address.

16.     Upon information and belief, Defendant Mr. Arthur is an adult resident of the State of Wisconsin, with a residence located at 7004 North Belmont Lane, Fox Point, Wisconsin 53217.

-5-

## Facts

17. Sid's is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

18. For all times relevant, Sid's was and remains a party to and agreed to abide by the terms of collective bargaining agreements ("Labor Agreements") with both the Bricklayers and Allied Craft Workers #8 District Council of Wisconsin and Wisconsin Laborers District Council (together, the "Unions").

19. The Labor Agreements described herein contain provisions whereby Sid's agreed to make contributions and payments to Plaintiffs by the fifteenth day of the month after the one during which the work was performed.

20. By execution of said Labor Agreements, Sid's adopted the trust agreements and amendments thereof; which establish and govern the Plaintiff Funds and are necessary for their administration, and designated as their representatives on the Board of Trustees such Trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority, such as but not limited to the adoption of policies relevant to this lawsuit, including but not limited to the policies on employer accounts.

21. Sid's has failed to remit to the Plaintiffs all contributions required the Labor Agreements.

22. Sid's, by failing to remit contributions to Plaintiffs by the fifteenth day of the month following the one during which the work was performed, and pursuant to the

-6-

Labor Agreements, and policies on employer accounts, owes to Plaintiffs interest of 1.5% per month and liquidated damages of 20% on all untimely remitted contributions.

23. Upon information and belief Sid's has withheld working dues from the paychecks of its employees, yet failed to remit to the Unions, working dues owed by its employees to the Unions.

24. Upon information and belief, Mr. Arthur is the only individual with authority to decide whether Sid's submits union dues to the Unions.

### Claim One Against Sid's Sealants, LLC, Violation of ERISA § 502 (29 U.S.C. §§ 1132)

25. As and for a first claim for relief against Sid's Sealants, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 24 above and incorporate the same as though fully set forth herein word for word.

26. For purposes of this claim, Plaintiffs Wisconsin Masons Health Care Fund, Wisconsin Masons Apprenticeship & Training Fund, International Pension Fund, IMI, Wisconsin Laborers Health Fund, Vacation Fund, Wisconsin Laborers Apprenticeship and Training Fund and Building Trades United Pension Trust Fund, each collectively will be referred to as the "Funds."

27. Sid's Sealants has failed to remit to the Plaintiff Funds all contributions required by the Labor Agreements with the Unions, in violation of 29 U.S.C. § 1145.

28. Therefore, on all contributions that remain unpaid from August 1, 2025 through the date of the filing of this Complaint, the Plaintiffs are entitled to recover from Sid's all owed contributions as well as reasonable attorneys' fees and costs of this action, interest at 1.5% per month, and liquidated damages of 20% on all owed

contributions pursuant to 29 U.S.C. § 1132(g), the Plaintiff Funds' policies on employer accounts, and Labor Agreements.

29. Moreover, those work months where contributions were paid, but received late, the Plaintiff Funds are entitled late paid interest and liquidated damages pursuant to the terms of the collective bargaining agreements, trust agreements, and the Funds' policies on employer accounts for the period May 1, 2023 though July 31, 2025.

**WHEREFORE**, the Funds demand the following relief:

1. Judgment on behalf of the Funds and against Sid's:

   A. For unpaid contributions, interest, and liquidated damages owed to the Plaintiff Funds for the period May 1, 2023 to the present;

   B. For unpaid contributions, interest, and liquidated damages owed to the Plaintiff Funds becoming due and/or arising after the commencement of this lawsuit through the date of judgment;

   D. Reasonable attorneys' fees and the costs of this action.

2. For such other, further, or different relief as the Court deems just and proper.

## Claim Two Against Sid's Sealants, LLC
## Violation of LMRA § 301 (29 USC § 185)

30.     As for a second claim for relief against Sid's, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 29 above and incorporate same as though fully set forth herein word for word.

31.     For purposes of this claim, the Unions, LECET, and IAP/CA will be referred to as the "Unions and Benefit Plans".

32.     Sid's breached the Labor Agreements by failing to remit contributions to the Unions and Benefit Plans so that the Benefit Plans are entitled to recover all such contributions thereof.

**WHEREFORE**, the Plaintiffs demand the following relief:

1.     Judgment on behalf of the Unions and Benefit Plans and against Sid's:

   A.     For unpaid working dues and contributions owed to the Unions and Benefit Plans for the period August 1, 2025 to the present;

   B.     For unpaid working dues and contributions owed to the Unions and Benefit Plans becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

   C.     Reasonable attorney fees and the costs of this action.

2.      For such other, further, or different relief as the Court deems just and proper.

## Claim Three - Against Sidney N. Arthur, Personally for Violation of ERISA § 409 (29 U.S.C. § 1109)

33.     As and for a claim for relief against Mr. Arthur, Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 32 above and incorporate the same as though fully set forth herein word for word.

34.     By failing to submit fund assets to the Vacation Fund, Mr. Arthur exercised "authority or control respecting management or disposition of [the Plan's] assets."   ERISA § 3(21)(A)(i) (29 U.S.C. § 1002(21)(A)(i)).

35.     By failing to submit contributions owed to the Vacation Fund, which were deducted from Sid Sealants employee's gross pay, Mr. Arthur breached his fiduciary duties to the Vacation Fund and engaged in a prohibited transaction pursuant to ERISA §§ 404(a) and 406 (b)(1) (29 U.S.C. §§ 1104(a) and 1106(b)(1)).

36.     As a result of his conduct, Mr. Arthur is personally liable for all contributions owed to the Vacation Fund, as well as any income which would have been realized had said contributions been made timely. See ERISA § 409 (29 U.S.C. § 1109).

**WHEREFORE**, the Vacation Fund demands the following relief:

1.     Judgment on behalf of the Vacation Fund and against Mr. Arthur:

A.     For unpaid contributions, interest, and liquidated damages owed to the Vacation Fund for the period May 1, 2023 to the present;

B.     For unpaid contributions, interest, and liquidated damages owed to the Vacation Fund becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

C.     Reasonable attorney fees and the costs of this action.

-10-

2.      For such other, further, or different relief as the Court deems just and

proper.

<div align="center">

**Claim Four – Against Sidney N. Arthur, Personally for
Civil Theft, §§ 895.446 and 943.20, Wis. Stats.**

</div>

37.     As and for a fourth claim for relief against Mr. Arthur, Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 36 above and incorporate the same as though fully set forth herein word for word.

38.     By his intentional conduct and by virtue of his position as one of Sid's Sealants officers, members, shareholders, and/or directors, Mr. Arthur has retained possession of working dues deducted from Sid's Sealant's employees gross pay without the Unions consent.

39.     Mr. Arthur has intentionally retained working dues with the intent of converting said monies for his own use or for the use of Sid's Sealants.

40.     By virtue of his conduct, Mr. Arthur has violated Wis. Stats. §§ 895.446 and 943.20.

41.     By virtue of Mr. Arthur's intentional conduct, the Unions are entitled to their costs of litigation and investigation as well as treble damages pursuant to Wis. Stats. §§ 895.446(3)(b), (c).

**WHEREFORE**, the Unions demand the following relief:

1.     Judgment on behalf of the Unions and against Mr. Arthur as follows:

   a.     For amounts deducted from Sid's Sealants employees' paychecks, which should have been paid to the Unions as working dues for the period May 1, 2023 through the commencement of this action;

   b.     Treble (exemplary) damages of not more than three times the

-11-

amount deducted from Sid's Sealants employees' paychecks, which should have been paid to the Unions as working dues for the period May 1, 2023 through the commencement of this action;

c.    For any amounts deducted from Sid's Sealants employees' paychecks that are not paid to the Unions as working dues arising after the commencement of this lawsuit through the date of judgment;

d.    Treble (exemplary) damages of not more than three times the amount deducted from Sid's Sealants employees' paychecks that are not been paid to the Unions as working dues arising after the commencement of this lawsuit through the date of judgment; and

e.    Actual costs of any investigation and litigation related to this action.

2.    For such other, further, or different relief as this Court deems just and proper.

## Claim Five – Against Defendant Sidney N. Arthur, Personally for Common Law Conversion

42. As an alternative to Claim Four, Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 41 above and incorporate the same as though fully set forth herein word for word.

43. Mr. Arthur did not have authority, legal or otherwise, from the Unions to deduct monies from Sid's Sealants employees' paychecks without turning said monies over to the Unions, or to use said monies for any purpose other than to pay Sid's Sealants employees' working dues.

44. By virtue of Mr. Arthur's conduct, the Unions have not received working dues for their members and participants, even though said monies have been deducted from the members' and participants' paychecks.

45. Through his conduct of deducting working dues from Sid's Sealants employees' paychecks and failing to forward those dues to the Unions, Mr. Arthur took property belonging to the Unions and has interfered with said Plaintiffs' lawful rights to possess those working dues.

**WHEREFORE**, the Unions demand the following relief:

1. Judgment on behalf of the Unions and against Mr. Arthur as follows:

   a. For amounts deducted from Sid Sealants employees' paychecks, which should have been paid to the Unions as working dues for the period May 1, 2023 through the commencement of this action;

   b. For any amounts deducted from Sid Sealants employees' paychecks that are not paid to the Unions as working dues arising

-13-

after the commencement of this lawsuit through the date of judgment; and

c.      Actual costs of any investigation and litigation related to this action.

2.      For such other, further, or different relief as this Court deems just and proper.

Dated this 18th day of May 2026.

s/Christopher Ahrens
Christopher J. Ahrens (SBN 1043237)
Alex J. Sterling (SBN: 1107931)
THE PREVIANT LAW FIRM, S.C.
Attorney for Plaintiffs
301 West Wisconsin Avenue, Suite 100 MW
Milwaukee, WI   53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: cja@previant.com

-14-